STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. JOHN P. JENSEN, RESPONDENT.

115 N. W. 2d 464

Filed June 1, 1962. No. 34487.

*Clarence A. H. Meyer,* Attorney General, and *Gerald S. Vitamvas,* for relator.

*Joseph T. Votava, Paine & Paine,* and *John P. Jensen,* for respondent.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J., dissenting.

This court has entered an order reinstating respondent as a member of the bar of this state. I cannot join in the reinstatement of the respondent on the present state of the record. To do so would be to ignore what I consider to be my duty as a member of the court. I say this because the respondent is being reinstated by default, when it is the duty of this court to see that the application is thoroughly investigated, particularly when the district committee refuses to recommend his reinstatement and suggests subsequent misconduct.

Respondent was suspended for a period of 1 year with

the proviso that he make an affirmative showing sufficient to satisfy this court that he had fully complied with the order of suspension, and that he would not in the future engage in any practices offensive to the legal profession.

We are in an unfortunate position in suspension and reinstatement proceedings in that our rules do not specifically fix the responsibility for investigation and where necessary a counter-showing on the application. The rules do provide for the service of copies of the application on the Attorney General, the chairman of the district committee on inquiry, and the chairman of · the advisory committee of the Nebraska State Bar Association. The rules also provide that any of said parties may appear and resist such application within 20 days, but do not require affirmative action. The service of a copy of the application in this case proved to be an idle gesture.

In this instance, when the Attorney General was served with a copy of the application, he called two minor matters which had been sent to his office to the attention of the court, and made no recommendation either way. In this case, the Attorney General has done no more than present what someone else was moved to send him. When the district committee was requested to make a recommendation as to reinstatement, it refused to do so, stating: "The committee has received several reports of violations of the respondent of the order of the Court heretofore made in said case; that the committee does not know and has not ascertained whether or not these reports can be substantiated by competent evidence.

"The committee, therefore, recommends that an investigator be appointed to determine whether or not these reports of violations can be substantiated, and if so, that the Court appoint a referee to take evidence concerning the same. Dated March 3, 1962." The majority of the court has seen fit not to accept the

recommendation of the district committee.

Because no one has felt obligated to investigate and report on the conduct of the applicant, the majority has voted for reinstatement. I do not feel that I can so easily brush the matter aside when in the last analysis the responsibility is mine. This court adopted the rules covering disciplinary procedures. It is our responsibility to admit and when necessary to discipline attorneys. In re Integration of Nebraska State Bar Assn., 133 Neb. 283, 275 N. W. 265, 114 A. L. R. 151. Certainly when an attorney has been suspended for several serious violations of professional ethics this court has a responsibility to the public to be certain that he has fully reformed and thoroughly understands the ethics of the legal profession. The public has a right to assume that one so reinstated by this court will thereafter comply with the recognized standards of ethical professional conduct.

If the record in this case is not complete, the fault is ours. In view of the statement of the district committee, the respondent is being reinstated under a cloud. He is entitled to have any reports of violations investigated and if untrue to have a determination to that effect. On the other hand, the public is entitled to the same consideration, and if the reports are true, respondent's suspension should be made permanent; if untrue, he should be reinstated.

For these reasons I dissent from the order of reinstatement.

Justices Carter and Boslaugh authorize me to state that they concur in this dissent.

SIMMONS, C. J., participating.